No. 1086—Claimant awarded $27,515.79.)

THE R. F. CONWAY COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1927.*

CONTRACT—*when State liable. State bond issue.* Where claimant under a combination bid for certain sections of the State Bond Issue Route No. 4, is awarded the contract by the State, and afterwards it is compelled to perform the contracts separately, resulting in damages to it, it is entitled to recover the difference between the combination bid and the next lowest and best bid for the work completed under the separate contracts.

SNAPP, HEISE AND SNAPP, for claimant.

OSCAR E. CARLSTROM, Attorney General; WILLIAM E. TRAUTMANN, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The facts in this case are disclosed in the following stipulation duly executed by the claimant by its attorneys, Snapp, Heise and Snapp, and the defendants, the State of Illinois, by Oscar E. Carlstrom, Attorney General, the said stipulation being in figures and words as follows, to-wit:

STIPULATION.

"Whereas claimants made a combination bid upon sections 28, 29, and 430 of State Bond Issue Route No. 4 upon an agreement that all of said three sections were to be completed in one season and were awarded contracts upon sections 28

and 29 immediately upon the combined bid and were to be awarded the contract for section 430, upon the combined bid, within ten days thereafter and as soon as all the right of way was secured, but owing to the delay caused by the local authorities of the village of Lyons, in the county of Cook, the contract for section 430 could not be and was not awarded until late in the fall, but was awarded on the combined bid. This delay prevented claimant from completing the work on section 430 in one season, to the damage of the claimant claimed by it in the sum of $123,522.05, in accordance with the proofs now taken by deposition herein.

And whereas, the claimant bases its right to recover upon the fact that it was compelled to perform said contracts separately and the lowest and best bid for the separate performance of said contract was in the sum of $664,085.79, and the combined bid of said claimant for the performance of said contracts together was in the amount of $636,570.00, the difference between said two amounts being the sum of $27,515.79.

"And whereas, the State of Illinois is unwilling to pay to the claimant the amount of damages claimed by it but is willing to concede to said claimant the difference between the combination bid of said claimant for the work on said three sections and the next lowest and best bids for said work which were upon separate contracts, it is, therefore, agreed and stipulated between the parties that an award for the benefit of said claimant be entered herein in the amount of $27,515.79."

Therefore this court upon said stipulation and the facts set out therein, recommends that said claimant be allowed the sum of $27,515.79.